IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10CV84-MU-02

JULIUS C. COX,       )
    Plaintiff,[1]  )
                     )
    v.               )
                     )
OFFICER SMATHER, Correc- )        O R D E R
 tional Officer at Alex- )
 ander Correctional    )
 Institution,          )
    Defendant.        )
_____)

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint brought under 42 U.S.C. § 1983 (Doc. No. 1), filed in the United States District Court for the Eastern District of North Carolina on June 7, 2010 and transferred to this Court by Order filed July 8, 2010 (Doc. No. 6).

## I. STANDARD OF REVIEW

At the outset, the Court acknowledges its authority to conduct an initial review of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and to dismiss those cases or claims which do not pass frivolity review. Denton v. Hernandez, 504 U.S. 25,

---

[1] This Complaint also names another inmate, Lester Howard, as a plaintiff in this action. However, Mr. Cox is the only inmate who signed the Complaint. Further, Mr. Howard neither paid his own filing fee nor sought permission to proceed with this action in forma pauperis. Accordingly, the Court will limit its review of this Complaint to resolution of the allegations as they pertain only to Mr. Cox's constitutional rights.

31 (1992) (dismissal appropriate whether claim "lacks an arguable basis either in law or fact"); Neitzke v. Williams, 490 U.S. 319 (1989) (sua sponte dismissal appropriate where claim is based on a meritless legal theory); Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996) (noting that Congress' intent under a predecessor statute was to authorize the dismissal of "insubstantial" claims); Nasim v. Warden, 64 F.3d 951, 954 (4th Cir. 1995) (en banc) (noting the district court's broad discretion in determining whether an in forma pauperis action is factually frivolous). In other words, an action should be dismissed "if it does not allege enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (internal citations omitted). In conducting this initial review, the Court is mindful of its obligation to liberally construe Plaintiff's allegations under Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, such obligation does not relieve Plaintiff of his duty to assert a claim cognizable within the jurisdiction of Court and upon which the court can grant relief.

Indeed, notwithstanding the Court's obligation to liberally construe Plaintiff's allegations, the Court is well aware that it is not required "to ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a

2

federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th cir. 1990). The Court also is not required to accept unsupported legal allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986). Nor is this Court required "to "conjure up questions never squarely presented," Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), to develop tangential claims from scant assertions in the complaint," Lowdermilk v. LaManna, 2009 WL 2601470 (D. S.C. 2009), or to "rewrite a petition" for the benefit of a plaintiff. Wise v. South Carolina Dept. of Corr., 2006 WL 1879001 (D. S.C. July 6, 2006).

In addition, the Fourth Circuit has indicated that "whatever purposes the complaint form might serve, it does not . . . create upon the district court an obligation to <u>sua sponte</u> raise and address any and every claim that might arguably be presented by the facts as presented." <u>See</u> Brock v. Carroll, 107 F..3d 241, 242-43 (4th Cir. 1997). With these principles in mind, the Court has determined that Plaintiff's Complaint must be <u>dismissed</u> with prejudice for his failure to state a cognizable claim for relief.

## II. **FACTUAL BACKGROUND**

By his Complaint Plaintiff alleges that on February 5, 2010, he and another inmate were going through a sliding door at the Alexander Correctional Institution when the door closed on the two of them. (Doc. No. 1 at 3). Plaintiff alleges that he and

3

the other inmate both were hit by the door; that the door struck him in his back; and that when the other inmate moved away from the door it continued to press against him. (Id.). Plaintiff further alleges that Officer Smather ('Defendant," hereafter), who was operating the door, "starting smileing [sic] about it" and when he asked her why she had closed the door on him and the other inmate, "she just throwed [sic] up her hands." (Id. at 4). Plaintiff further alleges that he experienced a sharp pain while sitting down, at which point Defendant directed him to a sergeant's office. (Id.).

Plaintiff then went to the sergeant's office to report the incident but learned that Defendant already had reported it to her superior and had explained to him that she had two doors open simultaneously and that Plaintiff was hit when she mistakenly closed the wrong door. (Id.). Plaintiff then told the sergeant that his back was hurting, in response to which the sergeant arranged for him to be seen by a nurse. (Id.).

Along with his Complaint, Plaintiff submitted a letter signed by the other inmate who was involved in the incident. (Doc. No. 5). Such letter merely explains: "I Lester Howard was coming in the Dayroom and [Plaintiff] was coming out of the Dayroom when the door shut him up in between the doors and I moved out of the way." (Id.). Last, Plaintiff also reports that

4

he subsequently was scheduled to see a physician on May 31, 2010 but as of June 2, 2010 he had not had his appointment with the doctor. (Id. at 5).

By way of relief, Plaintiff seeks an unspecified amount of monetary compensation, the termination of Defendant's employment and to have the other inmate who was hit by the door come to Court and testify in his behalf. Notwithstanding his beliefs to the contrary, however, Plaintiff's Complaint falls short of stating a constitutional claim for relief.

In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court discussed the Eighth Amendment's prohibition of punishments which "involve the unnecessary and wanton infliction of pain." Years later, in Wilkins v. Gaddy, 130 S.Ct. 1175 (2010), the Supreme Court essentially reaffirmed the use of this standard in excessive force cases. The foregoing cases stand for the proposition that to allege a claim for excessive force in violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a plaintiff's allegations must meet both an objective and a subjective component. See also Wilson v. Seiter, 501 U.S. 294, 302 (1991).

The objective component requires allegations to establish that the injury inflicted was sufficiently serious. Hudson v. McMillian, 503 U.S. 1, 7 (1992). The subjective component re-

5

quires allegations to show that the officer inflicted the force sadistically and maliciously for the sole purpose of causing harm. Whitley v. Albers, 475 U.S. 312, 320-21 (1986). However, it must be remembered that even if a plaintiff alleges facts sufficient to meet the objective component, if he fails to allege facts to meet the subjective component, his claim must fail. Hudson, 503 U.S. at 6.

In the instant case, Plaintiff's Complaint together with its attachment reflect that he was struck by a sliding door as he was exiting a room that another inmate was entering; that after that incident he looked at Defendant and she was smiling; that when he asked her why she had closed the door, she threw up her hands; that Defendant immediately reported the incident to her superior; and that she explained to her superior, seemingly consistent with the other inmate's letter, that the incident occurred by mistake when she was attempting simultaneously operate two of the sliding doors. Thus, even giving Plaintiff the benefit of all reasonable inferences, when considering the foregoing information, the Court finds that he has not alleged facts to establish that Defendant acted sadistically and maliciously for the sole purpose of causing harm. Rather, Plaintiff's Complaint tends to reflect that Defendant's conduct was, at most, an act of negligence. Thus, because the law is clear that mere negligence generally does not

state a constitutional claim for relief, see generally Daniels v. Williams, 474 U.S. 327 (1986); and Miltier v. Beorn, 896 F.2d 848, (4th Cir. 1990), that allegation must be dismissed for its failure to state a constitutional claim for relief.

Likewise, Plaintiff's allegation that at the time he filed his Complaint, he was two days beyond the date of his scheduled appointment also falls far short of stating a constitutional claim for deliberate indifference against Defendant Smather. Notwithstanding any other deficiencies with that allegation, it also fails to set forth any facts to establish that Defendant is responsible for his two-day delay. As such, this Complaint will be dismissed in its entirety.

## II. CONCLUSION

Plaintiff's allegations fall short of alleging a constitutional violation against Defendant. Accordingly, this Complaint must be dismissed.

## III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** Plaintiff's Complaint is **DISMISSED** for its failure to state a constitutional claim for relief. 28 U.S.C. § 1915A(1)(b).

**SO ORDERED.**

Signed: July 13, 2010

Graham C. Mullen
United States District Judge